County Court, Onondaga County, December, 1907.    [Vol. 57.

some prejudicial error has been committed.    Nothing which the law can regard as a record showing error appears in this case; and the appeal is, therefore, dismissed, unless appellant applies for an amended return within ten days.

Appeal dismissed.

MARCUS ROSENBLOOM, Respondent, *v.* JOEL SOLOMON and HARRY SOLOMON, Appellants.

(County Court, Onondaga County, December, 1907.)

Landlord and tenant: Leases and agreements in general — Construction and operation — Express covenants — To furnish with water: Termination of relation — Breach of covenant or condition — By landlord.

> Where a room in a business block is rented to a physician and the landlord covenants that it should be furnished with heat and water supply, a faucet in a hallway upon the same floor, but some distance away from the office, does not satisfy the covenant; and, where the tenant has no right to make repairs and therefore cannot recoup the cost of furnishing the water upon the rent, upon the failure of the landlord to perform such covenant the tenant has the right to terminate the contract.

APPEAL from a judgment of the Municipal Court for the sum of eighty dollars damages, besides costs, in favor of the plaintiff, rendered upon the direction of a verdict after trial before Judge William G. Cady, and a jury.

E. W. Cregg, for appellant, Joel Solomon.

Samuel D. Solomon, for appellant, Harry Solomon.

Daniel A. Pierce, for respondent.

Ross, J.    Action to recover rent of an office.    Answer, in brief, breach of agreement of renting, and eviction; and the defendant Harry Solomon also pleads a counterclaim.

The appellants rented from the respondent a room in a business block in Syracuse, to be used by one of the appel-

lants, a physician, in his business as a specialist in the treatment of the eye, ear, nose and throat. The premises were rented at a price and for a term agreed upon "*with heat and water.*" No water was at any time furnished in the room so rented; but there was a faucet in a hallway upon the same floor, but some distance away from the office so rented. The defendants vacated the premises before the rent sought to be recovered had accrued.

This is, as it seems to me, a case of a breach of a covenant, rather than an eviction. An eviction assumes a tenancy and occupation, and is an act by the landlord which actually or constructively deprives the tenant of the beneficial enjoyment of the demised premises. In this case the landlord did not perform the agreement to furnish water. Furnishing water in a modern office building, at a point upon the same floor of the building, outside of the office so rented, where a tenant can go if he desires, is not, as it seems to me, *furnishing the room so rented with water.* This seems to me too plain to require argument. Such a construction is in harmony with well recognized principles of construction, as stated by Mr. Justice Allen, in White v. Hoyt, 73 N. Y. 511, "When the terms of a promise admit of more senses than one, the promise is to be performed in that sense in which the promisor (the respondent) apprehended at the time the promisee (the appellants) received it, and this is the established rule at law, as well as in morals."

Can there be any question that a surgeon, renting an office with water for the purposes of the practice of his profession in a modern office building, understood and had the right to understand that such an agreement meant water in the room so rented? West Side Savings Bank v. Newton, 76 N. Y. 616.

It can hardly be contended that the companion obligation to furnish heat did not mean to furnish heat within the room so rented. This construction is somewhat emphasized from the fact that the tenants in this case had no right to make repairs, and hence could not recoup the cost of the same upon the rent.

Court of General Sessions, New York County, December, 1907. [Vol. 57.

Upon the failure of the landlord to perform the covenant to furnish water, the tenants had the right to terminate the contract. The trial judge committed error in directing a verdict for the plaintiff.

Judgment reversed and a new trial directed in the Municipal Court of the city of Syracuse at a time to be fixed in the judgment herein, with one bill of costs to the appellants to abide event, and to be included in any subsequent judgment in this action in the said Municipal Court.

Judgment reversed and new trial ordered.